UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00202-HBB

KEITH M.[1]     PLAINTIFF

V.

KILOLO KIJAKAZI, ACTING COMMISSIONER[2]
SOCIAL SECURITY ADMINISTRATION     DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Keith M. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 17) and Defendant (DN 23) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED.**

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered August 27, 2021, (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1    Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2    Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

## FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income on November 15, 2018 (Tr. 16, 203-10). Plaintiff alleges to have become disabled on July 15, 2016, as a result of a left leg injury by a car accident, neck pain, kidney pain due to kidney stones, post-traumatic stress disorder, and bipolar disorder (Tr. 16, 92, 111, 231). The claim was initially denied on February 6, 2019,[3] and upon reconsideration on May 21, 2019 (Tr. 16, 106-08, 127-29). On June 11, 2019, Plaintiff filed a written request for a hearing before an administrative law judge (Tr. 16, 149).

Administrative Law Judge David Peeples ("ALJ") conducted a video hearing on January 23, 2020, from Paducah, Kentucky (Tr. 16, 32-34). Plaintiff was present from Owensboro, Kentucky, with his attorney Sara J. Martin Diaz (Id.). James B. Adams testified during the hearing as a vocational expert (Tr. 16, 32-34, 39).

On March 24, 2020, the ALJ rendered a decision pursuant to the five-step sequential process which found that Plaintiff was not disabled from November 15, 2018, through the date of the decision (Tr. 16-27). At the first step, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 15, 2018, the application date (Tr. 18). At the second step, the ALJ determined Plaintiff has three severe impairments: dysfunction of the joints, cervical and lumbar spine disorder, and bipolar disorder (Id.). Plaintiff's kidney pain, frequent kidney stone issues, and post-traumatic stress disorder were found to be nonsevere (Tr. 19). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Id.).

---

3  The ALJ's decision listed the initial denial date as February 7, 2019 (Tr. 16). The Disability Determination and Transmittal document and the Disability Adjudicator/Examiner's signature lists the date as February 6, 2019 (Tr. 107-08). Thus, the Court will use February 6 date.

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), except for the following limitations: Plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; should never climb ladders, ropes, or scaffolds; can frequently balance; should avoid concentrated exposure to extreme cold and vibration; should avoid all exposure to workplace hazards, such as unprotected heights and moving mechanical parts; could understand and remember simple instructions and procedures; could sustain attention for extended periods of two-hour segments for simple tasks; could tolerate occasional (not more than 1/3 of the time) contact with supervisors and co-workers but should have no contact with the public; and could adapt to gradual, infrequent changes as needed (Tr. 20-21). The ALJ found Plaintiff unable to perform her past relevant work (Tr. 25).

After this finding, the ALJ continued to the fifth step, where the ALJ considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert, to find that Plaintiff is able to perform other jobs that exist in the national economy (Tr. 25-26). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, since November 15, 2018, the application date, through the date of the decision, March 24, 2020 (Tr. 26-27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 199-200). The Appeals Council denied the request (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d

680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).  Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities.  42 U.S.C. § 1381 *et seq*.  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

4

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?
2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 4: Medical Opinions and "Controlling Weight"

Plaintiff asserts the ALJ "failed to give 'controlling weight' to [Plaintiff]'s treating provider, Rachel Millay, APRN" (DN 17-1, p. 2). Plaintiff states that Nurse Millay had treated Plaintiff regularly and opined that Plaintiff would require the use of a cane or assistive device when engaging in occasional standing or walking (Id. at pp. 2-3). Plaintiff disputes the ALJ's findings, as "the ALJ made the determination that [Plaintiff]'s impairments did not render him totally disabled based not on an examination or other treating source, but based on the opinions of two non-examining state agency reviewing physicians . . ." (Id. at p. 3) (emphasis omitted). Citing to 20 C.F.R. 404.1527, Plaintiff argues that the opinion of his treating physician is entitled to more weight than the opinion of a non-treating physician (Id.). When deviating, the ALJ did not discuss or reference the factors contained in 20 C.F.R. § 404.1527(d)(2) (Id. at p. 4).

5

Based upon Plaintiff's current arguments, the Court does not believe that a recitation of Defendant's arguments is necessary. As noted above, Plaintiff's arguments are premised upon 20 C.F.R. § 404.1527 (and case law interpreting to this regulation) and the ALJ's decision not to afford "controlling weight" to Plaintiff's treating provider. The first of Plaintiff's foundational problems stem from the use of the wrong section in the regulations. Part 404 of the regulations relates to the provisions of Title II of the Social Security Act, which is for Disability Insurance Benefits. 20 C.F.R. § 404.1; *see also* 42 U.S.C. § 401 *et seq*. The relevant regulations in this case are contained within Part 416, which relates to the provisions of Title XVI of the Social Security Act and Supplemental Security Income. 20 C.F.R. § 416.101; *see also* 42 U.S.C. § 1381 *et seq*. In the present case, Plaintiff filed an application for Supplemental Security Income (Tr. 16, 203-10). Thus, Plaintiff's citations to Part 404 are inapplicable.

The other foundational issue which plagues Plaintiff's argument is that the regulations contained within 20 C.F.R. § 404.1527 apply to the ALJ's assignment of weight to medical opinions apply when an application is filed prior to March 27, 2017. If an application is filed on or after March 27, 2017, then the new regulations for evaluating medical opinions are applicable. *See* 20 C.F.R. § 404.1520c. Here, Plaintiff filed his application on November 15, 2018 (Tr. 16, 203-10). Moreover, the language in 20 C.F.R. § 404.1520c plainly states that that controlling weight will no longer be given to any medical opinion. Thus, the regulations and case law supporting Plaintiff's arguments are wholly inapplicable; Plaintiff is not entitled to any relief here.

Challenge to Finding No. 2: Severe Impairments

1. Arguments of the Parties

Plaintiff alleges that the ALJ erred at step two of the sequential evaluation process (DN 17-1, pp. 9-10). Specifically, Plaintiff argues that "the ALJ concluded, without relying on

substantial evidence, that [he] did not have any severe impairments with respect to his kidney disease" (Id.). Plaintiff maintains that his medical history and ongoing struggles with his kidneys merits its inclusion as a severe impairment (Id.).

Defendant's Fact and Law memorandum disputes this allegation and states that the ALJ "properly evaluated Plaintiff's impairments" (DN 23, p. 5). Defendant posits that the ALJ continued through the sequential evaluation process, as required by the regulations, and considered what effect, if any, all of the impairments had on Plaintiff's ability to work (Id.). Moreover, Defendant contends that continuation through the evaluation process renders Plaintiff's argument "legally irrelevant" (Id. at p. 6) (quoting Rhodes v. Comm'r of Soc. Sec., No. 3:17-CV-167-RGJ-CHL, 2019 U.S. Dist. LEXIS 193031, at *20 (W.D. Ky. Mar. 7, 2019)).

2. Discussion

The Court finds it unnecessary to decide whether the ALJ erred in failing to find Plaintiff's medically determinable impairment(s) to be severe. As Defendant stated, the Sixth Circuit has found it "legally irrelevant" that some of a claimant's impairments are found non-severe, when other impairments are found to be severe, because a finding of severity as to even one impairment clears the claimant of step two of the analysis and the administrative law judge should consider both the severe and non-severe impairments in the remaining steps. See Anthony v. Astrue, 266 F. Appx. 451, 457 (6th Cir. 2008) (citing Maziarz v. Sec'y of Health & Hum. Servs., 837 F.2d 240, 244 (6th Cir. 1987)). Thus, once a severe impairment is found, the administrative law judge must consider the "*combined effect*" of all the medically determinable severe and non-severe impairments in assessing a claimant's RFC. See 20 C.F.R. §§ 416.923(c) (emphasis added), 416.945(a)(2); Simpson v. Comm'r of Soc. Sec., 344 F. Appx. 181, 190-91 (6th Cir. 2009); White v. Comm'r of Soc. Sec., 312 F. Appx. 779, 787 (6th Cir. 2009).

7

Here, at the second step, the ALJ determined Plaintiff has three severe impairments: dysfunction of the joints, cervical and lumbar spine disorder, and bipolar disorder (Tr. 18). Accordingly, the ALJ continued with the remaining steps in the disability determination (Tr. 19-26). Because the ALJ considered the limitations imposed by Plaintiff's medically determinable severe and non-severe impairments in determining whether he retained sufficient RFC to allow his to return to her past relevant work and to other jobs in the national economy (Tr. 20-26), the ALJ's failure to find that Plaintiff's kidney pain and kidney stone issues are "severe" under the regulations is not constitute reversible error.  Maziarz, 837 F.2d at 244.

Therefore, Plaintiff is awarded no relief under this challenge.

### Challenge to Finding No. 4: RFC Limitations

1. Arguments of the Parties

Finally, Plaintiff maintains "[t]here was not substantial evidence to support the ALJ's RFC, which failed to include limitations on handling and the use of an ambulation device" (DN 17-1, p. 5). "The ALJ failed to recognize the limiting effects of [Plaintiff]'s severe conditions . . ." (Id.). Plaintiff believes he should have been limited to "less than sedentary work" (Id. at p. 6). Plaintiff states that "he needs an ambulatory device to get around at least once a week," and this consideration was "completely disregarded by the ALJ" (Id.) (citing Tr. 58). Moreover, Plaintiff contends the RFC should have contained a limitation on his manipulation and/or handling, as a result of the numbness and tingling that radiate throughout his hands (Id.) (citing Tr. 51-53). More broadly, Plaintiff asserts that these failures demonstrate the ALJ's "erroneous[]" conclusions about Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms (Id. at p. 8). Finally, Plaintiff includes that he "would need a job where he could take unscheduled and unpredictable breaks throughout the day" (Id. at p. 9).

8

In contrast, Defendant contends that "[t]he ALJ appropriately found that Plaintiff could perform a reduced range of light work" (DN 23, p. 12) (citing Tr. 20-21). Defendant also alleges that the ALJ did detail Plaintiff's allegations about pain, hand numbness and difficulty gripping, and use of a motorized cart when shopping (Id. at p. 13). When turning to Plaintiff's argument, Defendant claims "Plaintiff is really arguing that the ALJ should have given greater credit to his complaints and accordingly found more restrictive limitations" (Id. at p. 14). Defendant counters by stating that the ALJ "fully considered all of Plaintiff's subjective complaints" and the ALJ's assessment of Plaintiff's abilities is supported by substantial evidence (Id.). Moreover, Defendant claims the ALJ utilized Plaintiff's testimony at the administrative hearing but was not required to accept all of the subjective complaints and could consider credibility (Id. at pp. 15-17). Finally, when discussing the breaks limitation, Defendant alleges, "It is unclear what evidence Plaintiff is relying on to support his contention because he cites to none" and states that the ALJ was not required to incorporate such a limitation (Id. at pp. 17-18).

    2. Discussion

The RFC finding is the administrative law judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. § 416.945(a)(1). The administrative law judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a)(3), 416.946(c). Thus, in making the RFC finding, the administrative law judge must necessarily evaluate the persuasiveness of the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 416.920c, 416.929(a), 416.945(a)(3).

A claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the

9

existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. § 416.929(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Hum. Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the administrative law judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id.; *see also* 20 C.F.R. § 929(c). When the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the administrative law judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 416.929(c)(3).

A plaintiff's level of daily activity is a factor which the Administrative Law Judge may consider in determining the extent to which pain is of disabling severity. 20 C.F.R. § 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993). The frequency that plaintiff has sought treatment for allegedly disabling impairments is a factor that may be considered in assessing his subjective complaints. 20 C.F.R. § 416.929(c)(3)(v). Another factor that may be considered is whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . . ." 20 C.F.R. § 416.929(c)(4). Finally, the medication used to alleviate the alleged pain or other symptoms may be considered. 20 C.F.R. § 416.929(c)(3)(iv). Mild medication and infrequency of dosages taken by the claimant do not bear out claims of debilitating pain. *See* Maher v. Sec'y of Health & Hum. Servs., 898 F.2d 1106, 1109 (6th Cir. 1989).

Here, the ALJ found from the medical record and Plaintiff's testimony that Plaintiff's medically determinable impairments could be expected to cause the alleged symptoms, but the statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record (Tr. 21). In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and/or other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the ALJ, who has the opportunity to observe Plaintiff's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Hum. Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)); *see also* Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997) ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particular[l]y since an ALJ is charged with the duty of observing a witness's demeanor and credibility.").

In the decision, the ALJ recounted Plaintiff's testimony (Tr. 43-63) about his hand "frequently feel[ing] numb, making gripping and lifting more difficult" in addition to "his legs feel[ing] as if they are asleep all of the time" (Tr. 21). Moreover, the ALJ continues by noting Plaintiff "claims that he experiences leg pain and an aching neck if he sits for long periods . . . [and] is able to take showers, but must lean on things due to leg weakness" (Id.). the ALJ mentioned that Plaintiff goes grocery shopping approximately once a month and "uses a motorized cart" (Id.). Later portions of the ALJ's determination includes extensive discussion on the objective medical evidence and the medical opinions in the record (Tr. 22-25). While Plaintiff may have anticipated the ALJ finding his testimony more credible when discussing the intensity,

11

persistence, and limiting effects of the symptoms of his impairments, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." Cunningham v. Astrue, 360 F. Appx. 606, 613 (6th Cir. 2010) (quoting Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 475 (6th Cir. 2003)).

As for the ALJ's decision not to include an ambulatory device limitation based upon the testimony, the ALJ later discussed reports where Plaintiff was able to ambulate without an assistive device and where Plaintiff's neurosurgeon has not recommended long-term use of an assistive device (Tr. 22-23) (citing Tr. 301, 797-99). Plaintiff has cited to no additional documentation, other than his testimony, which would dispute the ALJ's finding (DN 17-1, pp. 5-9).

With a manipulation and/or handling limitation, the ALJ found that "[t]he evidence fails to show any significant objective evidence that would support [Plaintiff]'s alleged gripping problems" (Tr. 23). Plaintiff only cites to his testimony to dispute the ALJ's findings but not any evidence in the record (DN 17-1, pp. 5-9). The ALJ stated, "Exams have shown full muscle strength of the extremities with no significant sensation loss or balance issues noted" (Tr. 23).

In sum, the Court concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law. *See* 20 C.F.R. § 416.929. As such, Plaintiff is not awarded any relief under this aspect of the challenge.

Looking to the final aspect of Plaintiff's argument, Plaintiff alleges that he "where he could take unscheduled and unpredictable breaks throughout the day, and even then would not be a reliable employee" (DN 17-1, p. 9). However, Plaintiff cites to no evidence or case law at all to support this assertion (Id.). In the ALJ's determination, he notes that Plaintiff's primary care provider, Rachel Millay, APRN, opined that Plaintiff "would need to walk around every hour, be allowed to shift positions at will, and have the opportunity to take unscheduled breaks" (Tr. 24)

12

(citing Tr. 582-88). However, the ALJ found her opinion to be unpersuasive for a myriad of reasons, including being inconsistent with the consultative examiner's findings, unsupported by her own findings, and unsupported and inconsistent with findings from Plaintiff's later visits to his neurosurgeon (Tr. 25). With Plaintiff presenting no facts or law to support a position contrary to that of the ALJ's findings, the ALJ's determination is supported by substantial evidence and comports with applicable law. Therefore, Plaintiff is not entitled to relief under this argument.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. Id. After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

H. Brent Brennenstuhl
**United States Magistrate Judge**

August 17, 2022

Copies: Counsel of Record